IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARGIE GUERRERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:03-CV-0165 |
| | § | |
| JO ANNE BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
TO AFFIRM DECISION OF COMMISSIONER**

Plaintiff MARGIE GUERRERO brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant JO ANNE BARNHART, Commissioner of Social Security (Commissioner), denying plaintiff's application for a term of disability and disability benefits. Both parties have filed briefs in this cause. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be AFFIRMED.

I.
THE RECORD

Plaintiff protectively filed an application for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act and an application for supplemental security income (SSI) under Title XVI on November 17, 2000, alleging inability to

work since October 6, 2000 (Transcript [hereinafter Tr.] 92-95; 290-293). The Social Security Administration denied benefits initially and upon reconsideration and plaintiff timely filed a Request for Hearing before an Administrative Law Judge ("ALJ"). (Tr. 294-305). An administrative hearing was held July 15, 2002 before ALJ Paul J. Keohane. (Tr. 26-83). On September 24, 2002, the ALJ rendered an unfavorable decision, finding plaintiff not disabled and not entitled to benefits at any time relevant to the decision. (Tr. 14-21). The ALJ determined plaintiff retained the ability to perform light work, (Tr. 20, Finding #6), and based upon vocational expert (VE) testimony, the ALJ determined plaintiff could return to her past relevant work (PRW) as a secretary as that position is performed in the national economy. (Tr. 21, Finding #7).

Upon the Appeals Council's denial of plaintiff's request for review on April 25, 2003, ALJ Keohane's determination became the final decision of the Commissioner. Plaintiff now seeks judicial review pursuant to 42 U.S.C. § 405(g).

## II.
## ISSUES

Plaintiff presents one issue to this Court in this appeal, whether or not the decision of the Administrative Law Judge denying disability benefits herein sought is supported by substantial evidence. Plaintiff's Brief at 1. Specifically, plaintiff avers:

1. Plaintiff, through her own testimony and the medical records of treating physician Dr. Plata, has carried her burden of proof that her pain is disabling and prevents her from engaging in substantial gainful activity. (Plaintiff's Brief at 3); and

2. The ALJ erred when he found plaintiff's complaints of pain to be not entirely credible.

III.
## STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94(5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164. Stated differently, the level of review is not *de novo*. The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ decision.

IV.
## PLAINTIFF'S IMPAIRMENTS

Plaintiff Guerrero was born October 31, 1956 and was 45 years of age at the time of her hearing. (Tr. 30, 93, 290). Plaintiff attained her GED and had vocational training in both accounting and typing. (Tr. 15). According to plaintiff, her impairments include psoriatic arthritis, fibromyalgia, chronic pain syndrome and intractable pain. (Plaintiff's Brief at 2). The ALJ determined plaintiff's impairments to be chronic pain disorder variously described in the record as myofascial syndrome, fibromyalgia, psoriatic arthritis, and osteoarthritis. (Tr. 15, Finding #3). There is also testimony and medical records showing plaintiff suffers from carpal tunnel syndrome in her left hand and left knee with multiple surgeries to her left arm, shoulder and wrist extremity. (Tr. 35, 187).

The ALJ determined plaintiff had the residual functional capacity to perform the exertional requirements of light work. (Tr. 20, Finding #6). The ALJ adopted the residual functional capacity (RFC) assessment completed by Dr. Bob Dodd on May 9, 2001. (*Id.*). In that assessment, Dr. Dodd determined plaintiff was capable of lifting 20 pounds occasionally and 10 pounds frequently; had the ability to stand and/or walk 6 hours in an 8-hour work day; had the ability to sit (with normal breaks) for a total of about 6 hours in an 8-hour work day; was limited in her ability to push and/or pull with her upper extremities due to left arm pain, but not limited as to her lower extremities; had no postural limitations (balancing, stooping, kneeling, crouching, or crawling); had no manipulative limitations (including reaching all directions, handling, fingering and feeling); had no visual limitations; had no communicative limitations; and had no environmental limitations. (Tr. 230-233). Dr. Dodd also determined, "The alleged limitations of

the claimant's symptoms are not wholly supported by the medical + [and] other EOR [evidence of record]." (Tr. 234).  The ALJ determined, based upon VE testimony, that plaintiff could return to her past relevant work (PRW) as a secretary as that position is performed in the national economy.  (Tr. 21, Finding #7).

Plaintiff argues she is not capable of performing her past relevant work and that the ALJ's decision that she could was not supported by substantial evidence.  Plaintiff has requested she be found disabled and the case be remanded for the sole purpose of payment of benefits.

V.
MERITS

The issue before this Court involves a determination made by the ALJ at Step Four of the five-step sequential analysis, and this Court may only review the issue of whether there was substantial evidence to support the administrative finding that plaintiff retained the ability to perform her past relevant work as a secretary.

The ALJ was required at Step 4, to evaluate the claimant's residual functional capacity, in accordance with her subjective complaints of disabling pain, as well as the physical and mental demands of her past relevant work and to determine whether plaintiff's impairment prevented performance of her past relevant work.   An individual's past relevant work may be the job as she actually performed it or as it is generally performed in the economy.  *Hernandez v. Massanari,* 2001 WL 1568767 *4 (N.D.Tex.) citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  A claimant, capable of performing past relevant work despite a severe impairment, has no disability. 20 C.F.R. § 404.1520(e).

In her first point of error, plaintiff alleges she has "proven her case" that she suffers,

"severe and intractable pain which keeps her from being able to engage in substantial gainful activity." (Plaintiff's Brief at 3). Plaintiff directs the Court to Tr. 18, paragraph 3 to show the ALJ, "admitted that the plaintiff has proven her case." (Plaintiff's Brief at 4). The portion of the ALJ opinion referenced by plaintiff reads as follows:

> The medical evidence of record established the claimant has a medically determinable impairment that is reasonably capable of producing pain. Therefore, with respect to the nature and location of her pain, and other symptoms, the objective medial evidence establishes the claimant has a combination of impairments capable of causing pain in multiple joints of her body including her spine, shoulders, elbows, wrists, hands, knees, ankles and feet. The claimant does not have any impairment capable of causing fatigue; nonetheless, I recognize chronic pain can produce fatigue in some individuals.

(Tr. 18, Finding #5). In response to plaintiff's contention, defendant cites *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988) which states, "The task of determining whether pain is disabling falls, in the first instance, within the discretion of the ALJ. And the ALJ's decision is entitled to considerable deference." (Defendant's Brief at 4).

The paragraph quoted by plaintiff and which is set forth above, is found in the ALJ's Finding #5. The quoted paragraph is only part of Finding #5 and, contrary to plaintiff's position, the ALJ did not admit or state that plaintiff had proven her case. Instead, the ALJ found plaintiff to suffer from impairments, "reasonably capable of producing pain," but, at no time did the ALJ find such pain to be debilitating. In fact, the heading for the ALJ's finding, printed in bold reads, "The claimant has symptom-producing medical problems but overstates the symptoms and functional limitations produced thereby. Hence, the claimant's testimony does not credibly establish symptoms or functional limitations to the extent alleged." (Tr. 17, Finding #5). In making his determination that plaintiff's complaints were not entirely credible, the ALJ listed

several factors he considered including, "the claimant's manner while testifying at the hearing, the consistency of her testimony with statements on other occasions in the record, as well as the claimant's interest, bias, or prejudice considered in light of all the evidence in this case." (Tr. 19). The ALJ determined plaintiff's RFC was, "reduced, but not eliminated." (*Id.*). The ALJ accounted for plaintiff's pain by reducing plaintiff's RFC. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). As argued by defendant,

> The Fifth Circuit holding in *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988), expressly stated that the reviewing court has 'no power to determine if the record contains substantial evidence to support [the claimant's] pain; instead [the court] is confined to questioning only whether substantial evidence supports the [Commissioner's] judgment. The issue ... therefore, is whether the record, as developed, contains substantial evidence that [claimant's] pain was not debilitating.'

(Defendant's Brief at 5). The ALJ adequately developed the record as discussed above and plaintiff's contention that the ALJ's opinion established disability is without merit.

In point of error number two, plaintiff attacks the ALJ's characterization of plaintiff's credibility, or lack thereof, regarding her complaints of pain. It is acknowledged that pain is a difficult impairment to evaluate, whether such evaluation occurs in a Social Security disability case or otherwise. It is a subjective complaint and, while a treating physician may be able to observe manifestations or indicia of pain, to the knowledge of the undersigned, there is no diagnostic tool capable of scientifically evaluating the severity of an individual's pain. Individuals have different thresholds for pain and pain which may significantly affect one individual, may, with respect to a different individual, not be so significant. For example, in the workplace, a particular individual may be able to work and tolerate a level of pain which would effectively incapacitate another individual.

Just as different individuals react differently to pain, different individuals respond to pain management and/or therapy differently. Physical therapy can alleviate pain for some individuals and be ineffective for others.

In the Social Security disability context, an additional factor is present and the evaluation of pain is more complicated. That additional factor is the statutorily mandated deference a reviewing federal district court must give to the administrative agency. It is Congress who established the Social Security disability program and it is Congress who defines how and on what basis an individual is entitled to receive benefits. It is also Congress' function to determine the degree and on what grounds the judiciary may overturn an administrative determination. The administrative regulations provide that the defendant Commissioner is responsible for evaluating a claimant's pain and in determining whether a claimant's complaints of pain are credible. A federal court's review of that decision is deferential to the administrative fact finder and is very limited.

In his second point of error, plaintiff challenges the ALJ's citation to certain "negative" diagnostic tests as flawed. Plaintiff alleges there is no evidence in the record which suggests the negative tests contradict the findings of conditions capable of causing disabling pain. Plaintiff's argument, however, does not recognize that a diagnosis of, or the existence of, a condition does not, *per se*, render the person suffering from the condition *disabled* due to pain just because the condition is capable of causing pain. Plaintiff also disagrees with the ALJ's consideration of the absence of documentation, by plaintiff's treating physicians, that she is unable to perform work activity at any exertional level secondary to her pain. (Tr. 19). In response to plaintiff's point of error, defendant argues that plaintiff retains the burden, at Step 4, to demonstrate her disability, in

this case debilitating pain, and states,

> The ALJ noted that electromyographic and nerve conduction velocity evaluations, conducted on August 2, 2000 and November 28, 2000, revealed no abnormality and were judged to be within normal limits. (Tr. 16, 176, 179-80, 186). A magnetic resonance imaging (MRI) of the cervical spine, taken on August 1, 2000, and a bone scan, taken on August 30, 2000, were within normal limits. (Tr. 16, 181, 186, 223). The ALJ observed that Guerrero had been tested for signs of inflammatory arthritis, but that these tests had been negative for an elevated antinuclear antibody (ANA) titer or an elevated erythrocyte sedimentation rate (ESR). (Tr. 16, 204, 206, 210, 215, 218-21).

(Defendant's Brief at 6). Additionally, the ALJ relied upon evidence in the record as follows:

> While the records from her treating source reflect she has complaints of pain, the degree of symptoms, and functional limitations allegedly flowing from her pain, are not corroborated in the medical evidence of record. For example, the claimant alleges she is limited in her ability to sustain any activities on a daily basis due to drowsiness and inability to concentrate by her treating source, yet she reported to Dr. Plata that she does not experience any side effects from her medications. Dr. Plata notes her symptoms are well controlled with the pain management at this time. If her condition were of such severity as alleged, such limitations would be fully documented in the medical evidence.

(Tr. 19 citing to Exhibit 14F at 2, dated May 2, 2002). In this case, the ALJ was within his authority to make a determination of plaintiff's credibility and to determine if her complaints of pain were supported by the record. The ALJ determined plaintiff was not entirely credible and cited reasons for such determination. The ALJ supported his opinion with specific references to the medical records, finding a lack of evidence supporting plaintiff's complaints of disabling pain.[1] The ALJ did what he was statutorily entitled to do. For the above reasons, plaintiff's second point of error is without merit and should be DENIED.

---

[1] The ALJ did not completely discount plaintiff's allegations of pain. He found her RFC was reduced because of pain, but that the pain was not disabling.

## VI.
## RECOMMENDATION

THEREFORE, for all of the reasons set forth above, it is the opinion and recommendation of the undersigned to the United States District Judge that the decision of the defendant Commissioner be AFFIRMED.

## VII.
## INSTRUCTIONS FOR SERVICE

The District Clerk is directed to send a copy of this Report and Recommendation to plaintiff's attorney of record by certified mail, return receipt requested, and to the Assistant United States Attorney by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of June 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).